Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

Attorneys for Plaintiff
Victoria I. Arancibia

FILED
07 JUL 20 PM 3:55
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:                    DEPUTY

# United States District Court
# Southern District Of California

| | |
|---|---|
| VICTORIA I. ARANCIBIA,<br><br>PLAINTIFF,<br><br>v.<br><br>PERSOLVE, LLC, J. WILSON & ASSOCIATES, P.C., AND BOBBY GRICH ENTERPRISES,<br><br>DEFENDANTS. | Case No. 07 CV 1325  J (NLS)<br><br>COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect



consumers against debt collection abuses.[1]

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. VICTORIA I. ARANCIBIA, ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of PERSOLVE, LLC ("PERSOLVE"), J. WILSON & ASSOCIATES, P.C., ("WILSON"), and BOBBY GRICH ENTERPRISES ("GRICH"), collectively, "Defendants," with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of that defendant named.

### JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6. This action arises out of Defendants' violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§

---

[1] 15 U.S.C. §§ 1692(a)-(e)
[2] Cal. Civ. Code §§ 1788.1 (a)-(b)

**COMPLAINT FOR DAMAGES**          **PAGE 2 OF 7**

1692 et seq., and California Common Law.

7. Because Defendants do business within the State of California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

9. Plaintiff is a natural person who resides in the City of Bonita, County of San Diego, State of California and is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that PERSOLVE is a company operating from the City of San Francisco, County of San Francisco, State of California.

12. Plaintiff is informed and believes, and thereon alleges, that WILSON is a company operating from the City of Haverhill, County of Essex, State of Massachusetts.

13. Plaintiff is informed and believes, and thereon alleges, that GRICH is a company operating from the City of Coto De Caza, County of Orange, State of California.

14. Plaintiff is informed and believes, and thereon alleges, that Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

15. Plaintiff is informed and believes, and thereon alleges, that Defendants, in the

ordinary course of business, regularly, on behalf of themselves or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff was an individual residing within the State of California.

18. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants conducted business in the State of California.

19. Sometime before September 7, 2005, Plaintiff allegedly incurred financial obligations to HOUSEHOLD BANK that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

20. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

21. Sometime thereafter, but before September 7, 2005, Plaintiff defaulted on payments allegedly owed on the alleged debt.

22. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before September 7, 2005, the alleged debt was assigned, placed, or otherwise transferred, to GRICH as a successor in interest.

23. Plaintiff is informed and believes, and thereon alleges, that GRICH thereafter

|   |   |
|---|---|
| 1 | employed WILSON as its attorney to assist in the collection. |
| 2 | 24. On or about September 7, 2005, WILSON sent Plaintiff a letter conveying a settlement offer to Plaintiff. By the terms of this settlement offer, Plaintiff could pay $2,500.00, which would represent full payment of the outstanding $3,680.00 debt. |
| 6 | 25. Subsequently, but prior to September 30, 2005, Plaintiff tendered $2,500.00 to GRICH and WILSON, which, according to the settlement terms, satisfied all obligations Plaintiff owed to GRICH and WILSON, or their successors. |
| 9 | 26. Plaintiff is informed and believes, and thereon alleges, that after Plaintiff fulfilled Plaintiff's settlement terms with GRICH and WILSON, GRICH and WILSON, or in the alternative, GRICH or WILSON, assigned, placed, or otherwise transferred, to PERSOLVE for collection. |
| 13 | 27. |
| 14 | 28. PERSOLVE knew or should have known that Plaintiff's debt was already paid allegedly incurred to HOUSEHOLD, but instead filed a lawsuit on behalf of itself attempting to collect in excess of $5,000 from Plaintiff. |
| 17 | 29. In this communication Defendant stated that Plaintiff owed "$5,936.92" when PERSOLVE knew or have reason to know that this debt was already paid. |
| 19 | 30. The communication made by Defendant to Plaintiff was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17. |
| 24 | 31. As a result of PERSOLVE's illegal actions, Plaintiff was forced to incur unnecessary attorney fees and costs in defending a meritless lawsuit. |
| 26 | 32. |

### CAUSES OF ACTION CLAIMED BY PLAINTIFF
### COUNT I

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 ET SEQ.

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

35. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT II

VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

38. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

FAIR DEBT COLLECTION PRACTICES ACT
- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an

1      amount to be adduced at trial, from Defendant;

2      • an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. §
3      1692k(a)(2)(A);

4      • an award of costs of litigation and reasonable attorney's fees, pursuant to
5      15 U.S.C. § 1692k(a)(3).

6      **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

7      • an award of actual damages pursuant to California Civil Code §
8      1788.30(a) in an amount to be adduced at trial, from Defendant;

9      • an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code
10      § 1788.30(b);

11      • an award of costs of litigation and reasonable attorney's fees, pursuant to
12      Cal. Civ. Code § 1788.30(c).

13      **TRIAL BY JURY**

14    39. Pursuant to the seventh amendment to the Constitution of the United States of
15      America, Plaintiff is entitled to, and demands, a trial by jury.

17    Dated: July 19, 2007                          Respectfully submitted,
                                                 **HYDE & SWIGART**

                                                 By: _____
                                                 Joshua B. Swigart, Esq.
                                                 Attorney for Plaintiff

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
Victoria I. Arancibia,

**DEFENDANTS**
Persolve, LLC, J. Wilson & Associates, P.C., and Bobby Grich Enterprises,

07 JUL 20 PM 3:54
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** — San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** — San Francisco
(IN U.S. PLAINTIFF CASES ONLY)
BY: _____ DEPUTY

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Joshua B. Swigart
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
619.233.7770

**ATTORNEYS (IF KNOWN)**
Unknown

'07 CV 1325  J (NLS)

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

**IV. CAUSE OF ACTION**
Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code 1788-1788.32 et seq

**V. NATURE OF SUIT** — [boxes not checked in detail]

**VI. ORIGIN** — ☒ 1 Original Proceeding

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $ 50000
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY:** JUDGE _____ Docket Number _____

DATE 7/18/07

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

7/20/07
$350. # 140688

CR

ORIGINAL

```
       UNITED STATES
       DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

    # 140688      -  SR

        July 20, 2007
          16:17:53


       Civ Fil Non-Pris
USAO #.: 07CV1325 CIV. FIL.
Judge..: NAPOLEON A JONES, JR
Amount.:                $350.00 CK
Check#.: BC#2089



      Total-> $350.00



FROM: ARANCIBIA V. PERSOLVE, ET AL
      CIVIL FILING
```